ROIG *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Humacao.

No. 100.—Decided October 11, 1911.

SERVITUDE—THIRD PARTIES—SUBSEQUENT RECORD IN FAVOR OF ANOTHER PERSON.—The provisions of article 17 of the Mortgage Law, which prohibit the admission to record of titles transferring ownership or establishing an encumbrance when a subsequent record exists in favor of another person, have no other purpose and effect than the protection of third parties, which is the object of the Mortgage Law, so that if the person in whose favor the record is made is not a third party, this legal provision cannot be applied.

ID.—CONSTITUTION OF SERVITUDE BY PRINCIPAL—PARTITION AND ADJUDICATION OF SERVIENT ESTATE IN FAVOR OF HEIRS.—In accordance with the doctrine contained in the foregoing paragraph, where a servitude has been constituted by the principal upon an entire property which upon the death of said principal passes to his heirs and one of them records the share adjudicated to him as his own individual property, as this heir is not a third party but a continuer of the personality of the principal, said record does not bar the owner of the dominant estate from obtaining the inscription of said servitude upon that part which the heir recorded in his own name.

The facts are stated in the opinion.

*Mr. Francisco González* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

By public deed of November 15, 1896, Rodulfo Leoncio Pérez y Polanco, the then owner of the estate "Providencia" situated in the municipal district of Humacao, segregated therefrom and sold to Antonio Roig Torrellas a parcel of 12

*cuerdas* of land and the buildings and machinery thereon, it being covenanted in the sixth clause of the deed that the vendor obligated himself to allow such roads through his property "Providencia" as, without prejudice to his plantations, the purchaser should consider necessary.

This sale was recorded in the Registry of Property of Humacao, as was also the servitude established in the clause mentioned, both as to the servient estate "Providencia" and the dominant estate, which was the 12 *cuerdas* segregated, and the latter was given the name "El Ejemplo."

Upon the death of Rudolfo Pérez Polanco the estate "Providencia" was divided among his heirs, there having been adjudicated to his daughter, Julia Ana María Pérez y Sánchez, a tract of 53.75 *cuerdas* which, as a separate property and known by the name of "Vega del Recreo," was recorded in the registry of property without the condition stipulated in the deed of segregation and sale made by her father to Roig being mentioned therein.

In this situation of things, and there being no cancellation of the record of the servitude upon the remainder of the estate "Providencia" after the segregation and sale of the 12 *cuerdas,* Antonio Roig Torrellas presented to the Registrar of Property of Humacao the aforesaid deed of November 15, 1896, with a petition asking that it be shown clearly that the property "Vega del Recreo" acquired by Julia Ana Maria Pérez y Sánchez under title of inheritance is subject to the servitude stipulated for in said deed because it is a part of the servient estate formerly called "Providencia," and for the reason that if a servient estate is divided between two or more the servitude is not affected and each of them must bear its corresponding part thereof.

This petition was denied by the registrar in the following terms:

"The registry of the servitude which by virtue of the sixth clause of this deed has been requested in the accompanying petition is denied

as regards the property known as 'Vega del Recreo' situated in *barrio* Teja of this district and consisting of 53.75 *cuerdas,* formerly a part of the property 'Providencia,' on the ground that the said property 'Vega del Recreo' appears to have been recorded in favor of Julia Ana María Pérez y Sánchez free from said servitude by virtue of a title subsequent to that wherein the said servitude was established (art. 17 of the Mortgage Law), the cautionary notice for 120 days provided for by law being entered in lieu thereof in volume 28 of Humacao, at folio 151, over, property number 1199, entry letter 'A.' Humacao, May 15, 1911. Miguel Planellas, Registrar of Property.''

Said decision was appealed from by Roig Torrellas and is the subject of the present case.

Paragraph 1 of article 17 of the Mortgage Law, upon which the registrar of property based his decision, literally reads:

''After any instrument transferring the ownership or possession of realty, or of property rights thereto, has been recorded or a cautionary notice thereof made in the registry, no other instrument of the same or of a previous date may be recorded or noted, by which the ownership of the same estate or property right is transferred or encumbered.''

The only question arising upon the decision of the Registrar of Property of Humacao is whether or not because the property "Vega del Recreo" is recorded in favor of Julia Ana María Pérez y Sánchez the admission to record of the servitude set forth in the sixth clause of the deed of November 15, 1896, should be denied on the ground that this deed is of a date prior to that of the record in favor of Julia Ana María Pérez.

It is true that article 17 of the Mortgage Law prohibits the admission to record of titles transferring ownership or containing encumbrances where there is a subsequent record in favor of another person, but inasmuch as that provision of law has no other purpose and effect than the protection of third parties, this being the object of the Mortgage Law, if

the person in whose favor the record is made is not a third party, that provision of the law cannot be applied.

From the registry made in favor of Julia Ana María Pérez y Sánchez it appears that her property "Vega del Recreo" is one of the parcels into which the property "Providencia" was divided and upon which Rodulfo Leoncio Pérez y Polanco constituted the encumbrance sought to be recorded, and also that she acquired her title as daughter and universal heir of Rodulfo Pérez; and as heirs are the legal representatives of their ancestors, with the same rights and obligations, and are continuers of their personalities, they have not the character of third parties according to the decisions of the Supreme Court of Spain of April 15 and June 6, 1899, and January 28, 1892, and the fact that she recorded her ownership under title of inheritance is no bar to the admission to record of a deed of conveyance or encumbrance executed by her ancestor of a date prior to the record of her ownership, although such deed is presented after the record in favor of the heir; because, if the ancestor could not oppose the inscription neither can his heirs do so, for they are his representatives and are under the same obligations as he was to consent to the record.

Although the appellant also cites in support of his appeal the provisions of section 542 of the Civil Code, there is no necessity for us to pass upon this question for, as we have already stated, the registrar based his decision solely upon the existence of a subsequent record in favor of Julia Pérez, and not on the ground that parcels into which an estate encumbered by a servitude is divided should not be subject to the parts of the servitude corresponding to them.

For the reasons stated the adverse decision of the Registrar of Property of Humacao should be reversed and an order made directing that the record requested by Antonio Roig Torrellas be entered.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.